UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHN CRATON, an individual,

                    Plaintiff,

        v.

HOME DEPOT U.S.A., INC., a Delaware corporation; DOE 1 (STORE MANAGER); and DOES 2-50, inclusive,

                    Defendants.

No. 2:25-cv-03024-JAM-CKD

**ORDER DENYING MOTION TO REMAND**

     Plaintiff Gregory John Craton alleges he was injured at a Home Depot store in Sacramento on January 21, 2023, when a wooden beam fell on him.  ECF No. 1.  Plaintiff initially brought this action in the Sacramento County Superior Court on December 17, 2024.  Id.  Defendant Home Depot U.S.A., Inc. ("Home Depot") removed this action under diversity jurisdiction on October 17, 2025, arguing that the $75,000 amount in controversy is satisfied as Plaintiff claims $2,000,000 in damages, and that the Parties are diverse as Plaintiff is a citizen of California; Home Depot is a citizen of Delaware and Georgia; and the citizenship of Does

1

1-50 is disregarded for removal purposes.  Id.  Plaintiff now moves to remand this case, arguing that he has sued non-diverse Defendant Doe 1 whom he alleges was the manager of the Home Depot store at the time of the incident and is a California resident, such that the Parties are not diverse.  ECF No. 7.

The Court disagrees and finds that diversity jurisdiction is satisfied here.  A case may be removed to federal court if that court would have jurisdiction over the matter.  See 28 U.S.C. § 1441; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  Subject matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  To support diversity jurisdiction, the amount in controversy in the case must exceed $75,000, 28 U.S.C. § 1332(a), and there must be complete diversity between the parties, meaning that "each plaintiff must be diverse from each defendant."  Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001).

Here, Plaintiff does not contest that the amount in controversy is satisfied.  Rather, Plaintiff argues that the Parties are not diverse because Defendant Doe 1, the manager of the store where Plaintiff was injured, is alleged to be a resident of California.

However, no discovery has yet been conducted to determine the identity of Defendant Doe 1 or confirm they are a resident of California.  See ECF No. 10.  Thus, there is no guarantee that, if and when Plaintiff joins the store manager to this action, they will be a California resident.  Further, the law is clear that courts must disregard the citizenship of doe defendants when

2

contemplating diversity.  See Rojas v. Sea World Parks & Entm't, Inc., 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[T]he citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand."); see also 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

As the amount in controversy has been satisfied, and the named Parties to this action are diverse, the Court finds that it has diversity jurisdiction over this matter.  Accordingly, the Court denies Plaintiff's Motion to Remand.

## I.    ORDER

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated: March 18, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

3